United States District Court
Southern District of New York

| | |
|---|---|
| KEES ALLEN and CLAUDETTE ALLEN, | Civil Action No: |
| Plaintiffs | 13-CV-3901 |
| -against- | |
| CITY of NEW YORK, P.O. DENNIS O'SULLIVAN and JOHN DOE, RICHARD ROE, police officers of the City of New York, the identity and number of whom is presently unknown to the plaintiffs. | Jury Trial Demanded |
| Defendants | |

## INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against Police Officers Dennis O'Sullivan and John Doe, Richard Roe, police officers of the City of New York the identity and number of whom is presently unknown to plaintiff(s), in their individual capacities and against the City of New York.

It is alleged that the individual police officer defendants made an unreasonable seizure of the person of **KEES ALLEN** utilizing excessive force, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered **KEES ALLEN**. It is further alleged that defendants engaged in an unlawful search of the premises owned by **CLAUDETTE ALLEN**, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution and willfully, intentionally and maliciously destroyed and damaged personal and real property belonging to plaintiffs.

It is alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

## JURISDICTION

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendant jurisdiction of this court to entertain claims arising under state law.

## PARTIES

1. **KEES ALLEN** was at all material times a resident of 3752 Paulding Avenue, 2nd and 3rd Floor, Bronx, New York, and of full age.

2. **CLAUDETTE ALLEN** was at all material times a resident of 3752 Paulding Avenue, 2nd and 3rd Floor, Bronx, New York, and of full age.

3. **DEFENDANT OFFICERS** were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

4. **THE CITY OF NEW YORK** is a municipal corporation and the public employer of the said officers.

## FACTS

5. On or about March 8, 2012, at approximately 3:00 pm, Plaintiff **Kees Allen** exited his premises at 3752 Paulding Avenue and walked in a normal and natural manner in a northerly direction towards the intersection of 219th Street and Paulding Avenue. Plaintiff was carrying a container of lemonade in his right hand and a party flyer in his left hand.

6. Upon arrival at the intersection of 219th Street and Paulding Avenue, Plaintiff **Kees Allen** crossed Paulding Avenue to proceed westward on 219th Street, intending to visit a friend who resided at 945 219th Street.

7. Defendant police officers **Dennis O'Sullivan** and **John Doe**, who were traveling east on 219th Street, exited an unmarked police vehicle and approached and stopped Plaintiff **Kees Allen** after he crossed Paulding Avenue to progress westward on 219th Street.

8. Defendant police officers were dressed in civilian clothes and did not identify themselves as police officers to Plaintiff Kees Allen.

9. Upon stopping Plaintiff Kees Allen, Defendant police officers demanded to know Plaintiff Kees Allen's intended destination.

10. In response to the police officers' demands, Plaintiff Kees Allen pointed to the opposite side of 219th Street and explained that he was going across the street to visit a friend's residence.

11. Upon Plaintiff Kees Allen pointing across the street in an effort to cooperate and respond to the demand to identify his intended destination, Defendant police officers immediately, without warning or provocation assaulted Plaintiff Kees Allen by seizing Plaintiff's left arm and forcibly throwing him face down to the concrete pavement.

12. At no point in time prior to assaulting Plaintiff Kees Allen and thrusting him to the ground did defendant police officers identify themselves as law enforcement officers.

13. Immediately upon thrusting Plaintiff Kees Allen to the ground, defendant police officers began hitting and kicking Plaintiff.

14. As soon as Plaintiff was thrown to the ground, an additional two or three unmarked police vehicles arrived and several police officers exited the vehicles and began kicking and striking Plaintiff Kees Allen. Plaintiff had neither physically resisted nor assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive.

15. The assault upon Plaintiff **Kees Allen** continued for some time before the police officers finally placed handcuffs on plaintiff and placed him into the back of one of the police cars.

16. Once plaintiff was handcuffed, defendant police officers conducted a search of plaintiff's person and located a small quantity of marijuana contained in a sealed envelop in one of plaintiff's pants pockets.

17. Plaintiff was arrested and transported from the scene at 219th Street to the 47th Police precinct.

18. While being transported in the rear of the police car, plaintiff was questioned regarding existence and location of automatic weapons, drugs, drug paraphernalia other named individuals.

19. At no point from initial contact to delivery to the 47th Police Precinct did the police officers ever advise plaintiff of his Miranda rights.

20. At no time during the events described above, was plaintiff **Kees Allen** intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

21. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

22. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

23. After being taken to the police precinct and placed in a cell, Plaintiff **Kees Allen** was told that the arresting police officers were in possession of a search warrant for the premises of Plaintiff.

24. The search warrant specifically authorized a "search, between the hours of 6:00 A.M. and 9:00 P.M., of the premises at 3752 Paulding Ave, 1st Floor Apartment (Clearly Marked), Bronx, NY", and to seize "marijuana, and evidence tending to demonstrate that the premises are utilized for the unlawful possession, packaging and sale of marijuana, other drug paraphernalia, and evidence tending to establish ownership of the premises . . ."

25. Nothing contained in the warrant either mentioned or suggested the presence of weapons, explosives, ammunition or other dangerous instrumentalities upon the premises. Nor, did the warrant authorize the search, arrest or seizure of the person of any individual.

26. Plaintiffs **Claudette Allen** and **Kees Allen** occupy the second and third floor at 3725 Paulding Avenue, while the 1st Floor apartment is rented and occupied by a separate and unrelated family.

27. While Plaintiff **Kees Allen** was detained at the 47th Precinct, police officers executed the search warrant at 3752 Paulding Avenue.

28. When the officers entered the premises at 3752 Paulding Avenue, they proceeded to search the second floor and basement of the premises notwithstanding the warrant only authorized a search of the first floor apartment and that limitation was clearly identified in the warrant.

29. In the course of conducting the search, the police officers destroyed furniture, walls, ceilings, as well as personal property of plaintiffs **Claudette Allen** and **Kees Allen**.

30. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff **Kees Allen** suffered the following injuries and damages:
    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and his residence;

    b. Loss of his physical liberty

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment

31. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of **Kees Allen**:
    a. Freedom from the unreasonable seizure of his person;

    b. Freedom from the use of excessive, unreasonable and unjustified force against his person

    c. Freedom from the unreasonable and unauthorized search of his premises.

32. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff **Claudette Allen** suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search of her home;

    b. Loss of and damage to real and personal property

33. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of **Claudette Allen**:

    a. Freedom from the unreasonable search of her home;

    b. Freedom from the deprivation of property without due process of law

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Plaintiff **Kees Allen** claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants **Dennis O'Sullivan, John Doe and Richard Roe** for violation of his constitutional rights under color of law.

## COUNT II

### 42 U.S.C. § 1983 Against Individual Defendants

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Plaintiff **Claudette Allen** claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendants **Dennis O'Sullivan, John Doe and Richard Roe** for violation of her constitutional rights under color of law.

## COUNT III

### Assault and Battery Against Individual Defendants

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. Defendants **Dennis O'Sullivan, John Doe and Richard Roe** assaulted and battered Plaintiff **Kees Allen**.

40. As a result of this assault and battery, Plaintiff **Kees Allen** suffered damages as aforesaid.

## COUNT IV

### False Arrest and Illegal Imprisonment Against Individual Defendants

41. Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth.

42. Defendants **Dennis O'Sullivan, John Doe and Richard Roe** arrested and illegally imprisoned Plaintiff **Kees Allen**.

43. As a result of this false arrest and illegal imprisonment, Plaintiff **Kees Allen** suffered the damages as aforesaid.

## COUNT V

### 42 U.S.C. 1983 Against City of New York

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45. Prior to March 8, 2012, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, which caused the violation of Plaintiffs' rights.

46. It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated and, indeed encouraged by the City of New York.

47. It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

48. As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE**, plaintiffs request that this Court:

a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award costs of this action to the plaintiffs;

c. Award reasonable attorney's fees and costs to the plaintiffs;

d. Award such other and further relief as this Court may deem appropriate.

The plaintiffs hereby demand a jury trial.

**Dated:**   Maspeth, New York
         June 7, 2013

By: _____
Deveraux L. Cannick

Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York
(718) 426-0444
(718) 803-9764   (Fax)
www.AielloandCannick.com